# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–780

| | |
|---|---|
| ANGELA WATSON<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | Opinion Delivered January 15, 2014<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. JV-2009-363]<br><br>HONORABLE BARBARA HALSEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BILL H. WALMSLEY, Judge

Appellant Angela Watson's attorney has filed a no–merit brief and a motion to withdraw on appeal from the termination of appellant's parental rights to her children, C.W., born November 19, 2004, and C.S., born September 17, 2011. We affirm the termination of parental rights and grant the motion to withdraw.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2012), counsel's brief must contain all rulings from the termination hearing that are adverse to appellant and explain why none of those rulings present an issue of arguable merit for appeal. As there were no adverse rulings made on objections or motions at the hearing, the only issue is the termination decision.

Termination of parental rights is an extreme remedy and in derogation of the natural

rights of parents. *Fredrick v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 104, 377 S.W.3d 306. DHS must prove by clear and convincing evidence that termination is in the child's best interest and that at least one statutory ground for termination exists. *Id.*; Ark. Code Ann. § 9-27-341(b)(3)(A) and (B) (Supp. 2009). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Fredrick, supra.* When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* We review termination-of-parental-rights cases de novo. *Id.*

The only witness at the termination hearing was Kimberly Jacobs, a foster-care worker for Craighead County Children and Family Services. C.W. was first taken into custody in October 2009 and was adjudicated dependent-neglected based on sexual abuse by appellant's husband against minors in the home and the absence of a legal custodian due to appellant's incarceration. C.W. was returned to appellant's custody on September 16, 2010.

Jacobs testified that problems arose again in March 2012 when appellant began having domestic issues with her boyfriend, Chris Clark. Jacobs testified that Clark was charged with assaulting appellant on March 17, 2012, with the children in the home. Eventually an order of protection was obtained. After the review hearing held on March 29, 2012, the trial court ordered that appellant "review and approve of a safety plan that prevents Chris Clark from

having any contact with her children, and if the mother violates that plan then the Department may remove her children." Appellant signed such a protection plan on April 9, 2012, agreeing that neither she nor her children would have contact with Clark.

Subsequently, DHS received information that appellant was not following the protection plan and that the family was staying in a trailer with no water or electricity. In June 2012, DHS decided to take the children into custody; however, appellant hid the children for nearly two weeks before coming to court on June 29. Both children were then taken into custody and were adjudicated dependent–neglected due to inadequate supervision, parental unfitness, and educational neglect as to C.W.

By October 2012, appellant was allowed unsupervised weekend visitation with the children. During the second weekend of visitation, a family service worker found Clark in the home with appellant and the children, and weekend visitation was halted. Following a hearing on February 25, 2013, the court terminated reunification services. The court found that there was little likelihood that services to the family would result in successful reunification due to appellant's continued contact with Clark in violation of court orders. The court also noted that the case had been open for over three years and DHS had offered the full range of services to appellant. In March 2013, there was another domestic incident between appellant and Clark that resulted in him being charged with assaulting a family member. The petition for termination of parental rights was filed on March 13, 2013.

The trial court determined that it was in the children's best interest to terminate appellant's parental rights and found that DHS had proved two statutory grounds for

3

termination: (1) the "subsequent factors" ground, found in Ark. Code Ann. § 9-27-341(b)(3)(B)(vii), and (2) the "aggravated circumstances" ground, found in Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*), in that the court had previously determined that there was little likelihood that services to the family would result in successful reunification.

We agree with appellant's counsel that there is no meritorious basis upon which to argue that the evidence was insufficient to support termination. Although appellant had completed many services, she had not maintained stable housing or employment, and she disobeyed the court's orders regarding Clark. Jacobs testified that she did not believe the children could be safely returned to appellant's home and that there were no factors that would hinder adoption of the children. The termination decision was not clearly erroneous and there are no issues of arguable merit for appeal. Accordingly, we affirm the termination of parental rights and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and VAUGHT, JJ, agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.